**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION**

| | |
|---|---|
| VOLTSTAR TECHNOLOGIES, INC., | |
| Plaintiff, | Case No. 1:24-cv-03242 |
| v. | Honorable Judge Sunil R. Harjani |
| SALOM AMERICA COMPANY. | Magistrate Judge Jeffrey T. Gilbert |
| Defendant. | |

**SALOM AMERICA COMPANY'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Salom America Company ("Salom" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Voltstar Technologies, Inc.'s ("Voltstar" or "Plaintiff") Complaint. Salom denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**NATURE OF THE LAWSUIT**

1.      This is an action for patent infringement of United States Patent Number 9,024,581, and its Reissue Patent Number RE48,794 E (hereinafter, the " '794 Patent") arising  under the patent laws of the United States Title 35, United States Code §§ 1 et seq. to enjoin further infringement and obtain damages resulting from Defendant's unauthorized manufacture, use, offer to sell and sale in the United States of products identified and described herein in violation of Plaintiff Voltstar's rights under U.S. Patent No. 7,910,833, U.S. Patent No. 7,960,648, and U.S. Patent Number 9,024,581 which was reissued as Patent Number RE48,794 E. Plaintiff seeks permanent injunctive relief and monetary damages resulting from Defendant's infringement.

---

[1] For avoidance of doubt, Salom denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

**ANSWER TO PARAGRAPH 1:**

Salom admits that Plaintiff has alleged infringement of a patent under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*, but denies it has committed and/or is committing acts of infringement and denies Plaintiff is entitled to any relief. Salom denies any remaining allegations in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.      This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 35 U.S.C. § 271.

**ANSWER TO PARAGRAPH 2:**

Salom does not contest that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 35 U.S.C. § 271 because Plaintiff has alleged infringement of a patent under the Patent Laws of United States, but denies it has committed and/or is committing acts of infringement and denies Plaintiff is entitled to any relief. Salom denies any remaining allegations in Paragraph 2 of the Complaint.

3.      This Court has personal jurisdiction over the Defendant.

**ANSWER TO PARAGRAPH 3:**

Salom does not contest whether personal jurisdiction over it properly lies in this District, but denies it has committed and/or is committing acts of infringement within the State of Illinois or in this District.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b)(3) because Defendant has committed acts of infringement and is subject to personal jurisdiction within this judicial district and division.

**ANSWER TO PARAGRAPH 4:**

Salom does not contest whether venue is proper in this District in this case, but denies it has committed and/or is committing acts of infringement within the State of Illinois or in this District and, on that basis, denies the remaining allegations of Paragraph 4 of the Complaint.

<u>**THE PLAINTIFF**</u>

5.     Plaintiff, Voltstar Technologies, Inc. ("Voltstar"), is an Illinois Corporation with a principal place of business located at Barrington, IL 60010.

**ANSWER TO PARAGRAPH 5:**

Salom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, on that basis, denies all such allegations.

<u>**THE DEFENDANT**</u>

6.     Salom America Company ("Salom") is an Illinois Corporation, with its principal place of business at 901 S. Grove Avenue, Oak Park, Illinois 60304 and can be served by serving its registered agent Mark S. Saladin at 40 Brink Street, Crystal Lake, Illinois 60014.

**ANSWER TO PARAGRAPH 6:**

Salom admits that it is an Illinois corporation and that it can be served by serving its registered agent, Mark S. Saladin at 40 Brink Street, Crystal Lake, Illinois 60014. Salom denies its principal place of business is at 901 S. Grove Avenue, Oak Park, Illinois 60304.

<u>**THE PLAINTIFF'S PATENT**</u>

<u>**THE '794 PATENT**</u>

7.     Voltstar owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number RE48,794 E (the "'794 patent"), entitled "Charger Plug With Improved Package ", issued October 26, 2021. A copy of the '794 Patent is attached

hereto as **Exhibit 1**.

**ANSWER TO PARAGRAPH 7:**

Salom admits that a copy of what purports to be U.S. Patent No. RE48,794 E (the "'794 Patent"), entitled "Charger Plug With Improved Package" is attached to the Complaint as Exhibit 1. Salom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and, on that basis, denies all such allegations.

8.      Prior to May 21, 2008, James W. McGinley, Donald Rimdzius, and David P. Marcusen, invented a novel and non-obvious Charger Plug with Improved Package.

**ANSWER TO PARAGRAPH 8:**

Salom denies that ideas claimed in U.S. Patent No. 9,024,581 (the "'581 Patent") or the '794 Patent constitute an invention. Whether the purported invention is novel and non-obvious is a legal conclusion to which no response is required. Salom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9.      McGinley, Rimdzius, and Marcusen applied for and obtained United States Patent No. 9,024,581 (the "'581 patent") entitled "Charger Plug with Improved Package Electrical Charger" which was duly and legally issued on May 5, 2015

**ANSWER TO PARAGRAPH 9:**

Salom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies all such allegations.

10.     The patent application for the '581 patent (application serial number 12/124,515) was first published on November 26, 2009.

**ANSWER TO PARAGRAPH 10:**

Salom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11.     McGinley, Rimdzius and Marcusen assigned all right, title and interest in and to the '581 Patent to Horizon Technologies, Inc. in May, 2008, which was recorded at the United States Patent and Trademark Office on May 21, 2008 at Reel 20979, Frame 56. Horizon Technologies, Inc. changed its name to Voltstar Technologies, Inc. and recorded such change of name at the United States Patent and Trademark Office on March 1, 2010, and corrected on November 22, 2010 at Reel 25411, Frame 783.

**ANSWER TO PARAGRAPH 11:**

To the extent Paragraph 11 refers to public documents, the Court should refer to such documents.  Salom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12.     In general, non-legal terms, the '581 Patent relates to a Charger that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power. The size and shape of the Charger are such that upon plugging the Charger into a source of AC power such as a wall outlet, (a) the Charger does not block or interfere with the use of adjacent outlets and (b) the Charger does not interfere with objects or furniture that may be placed adjacent

to or in front of the outlet. In addition, the size and shape of the Charger are such that (a) a power cord for the device to be charged may be easily inserted into and removed from the Charger while the Charger is plugged into the source of AC power and (b) removal of the power cord from the Charger can be accomplished without removal of the Charger from the source of AC power. An example of the "Charger Plug with Improved Package Electrical Charger" is shown below:

**ANSWER TO PARAGRAPH 12:**

Salom admits that the '581 Patent speaks for itself but denies any characterizations inconsistent therewith and denies that the '581 Patent constitutes an invention and, on that basis, denies any remaining allegations in Paragraph 12 of the Complaint.

13. On October 26, 2021, the U.S. Patent No. 9,024,581 was reissued as Patent Number US RE48,794 E ("the '794 Patent"). The reissued '794 Patent, in part, specifically amended Claim 1(i) to now state: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is less than 2.0 inches, a width of the housing outer profile being less than 1.75 inches …"

**ANSWER TO PARAGRAPH 13:**

Salom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies all such allegations.

14. Pursuant to 35 U.S.C. § 252, Claim 1 of the reissued '794 Patent is substantially identical with the original U.S. Patent No. 9,024,581 in that it has only limited the sizing dimensions of the claimed invention. Therefore, the reissued '794 Patent is a continuation of the

original U.S. Patent No. 9,024,581 and has effect continuously from the date of the original patent as May 5, 2015.

**ANSWER TO PARAGRAPH 14:**

    Salom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies all such allegations.

    15.    Claim 1 of the reissued '794 Patent is substantially identical with the claims submitted during the '581 patent prosecution at least as early as 2011, in the published patent application serial number 12/124,515. Claim 1 of the reissued '794 Patent was substantially known publicly at least as early as 2011.

**ANSWER TO PARAGRAPH 15:**

    Salom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies all such allegations.

    16.    At all relevant times, Voltstar and its predecessors in interest in the '794 Patent and original U.S. Patent No. 9,024,581, complied with the federal patent marking statute, 35 U.S.C. § 287(a).

**ANSWER TO PARAGRAPH 16:**

    Salom denies the allegations in Paragraph 16 of the Complaint.

    17.    As of May 5, 2015, the issue date of the original U.S. Patent No. 9,024,581 Voltstar and its predecessors in interest had ceased making, offering for sale, or selling within the United States any patented article covered under the '794 Patent or the original U.S. Patent No. 9,024,581.

**ANSWER TO PARAGRAPH 17:**

Salom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, denies all such allegations.

**The '833 Patent**

18.     Voltstar owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number 7,910,833 (the "'833 Patent"), entitled "Energy-Saving Power Adapter/Charger", issued March 22, 2011. A copy of the '833 Patent is attached hereto as **Exhibit 2**.

**ANSWER TO PARAGRAPH 18:**

Salom admits that a copy of what purports to be U.S. Patent No. 7,910,833 (the "'833 Patent"), entitled "Energy-Saving Power Adapter/Charger" is attached to the Complaint as Exhibit 2. Salom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint and, on that basis, denies all such allegations.

19.     Cellular telephones have become ubiquitous in use across society.

**ANSWER TO PARAGRAPH 19:**

Salom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies all such allegations.

20.     Prior to February 2017, James McGinley, Valerie McGinley, and Donald Rimdzius ("McGinley et al"), employees of Voltstar Technologies, Inc., invented new and useful improvements to energy saving cables and various power devices for use with an

electrical device, which provide low-power consumption of phantom load or intermittent power consumption or no power consumption *(see 833 patent col. 10, line 45)* for use with a wide variety of electronic devices when in an "off state", and the means to turn back "on" the power device, among other benefits.

**ANSWER TO PARAGRAPH 20:**

Salom denies that the '833 Patent constitutes an invention. Salom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint and, on that basis, denies all such allegations.

21.     Valerie L. McGinley, James W. McGinley, Donald Rimdzius assigned all right, title and interest in and to the '833 Patent to Horizon Technologies, Inc.

**ANSWER TO PARAGRAPH 21:**

Salom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, denies all such allegations.

22.     In general, non-legal terms, the '833 Patent relates to a charger that automatically shuts off when a device is fully charged or not plugged in, reducing "vampire" or "phantom" load. This feature reduces power consumption and extends battery life.

**ANSWER TO PARAGRAPH 22:**

Salom admits that the '833 Patent speaks for itself but denies any characterizations inconsistent therewith and denies that the '833 Patent constitutes an invention and, on that basis, denies any remaining allegations in Paragraph 22 of the Complaint.

**The '648 Patent**

23.     Voltstar owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number 7,960,648 (the "'648 Patent"), entitled "Energy-Saving Cable Assemblies", issued June 14, 2011. A copy of the '648 Patent is attached hereto as **Exhibit 3**. The '648 is a continuation of and claims priority to the '833 Patent.

**ANSWER TO PARAGRAPH 23:**

        Salom admits that a copy of what purports to be U.S. Patent No. 7,960,648 (the "'648 Patent"), entitled "Energy-Saving Cable Assemblies" is attached to the Complaint as Exhibit 3. Salom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint and, on that basis, denies all such allegations.


24.     Prior to October 15, 2008, James W. McGinley, Donald Rimdzius, Valerie L. McGinley and Dominic James Hogan invented a novel and non-obvious Energy Saving Cable Assemblies.

**ANSWER TO PARAGRAPH 24:**

        Salom denies the allegations in Paragraph 24 of the Complaint.


25.     James W. McGinley, Donald Rimdzius, Valerie L. McGinley and Dominic James Hogan assigned all right, title and interest in and to the '648 Patent to Horizon Technologies, Inc.

**ANSWER TO PARAGRAPH 25:**

        Salom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies all such allegations.

26.     In general, non-legal terms, the '648 Patent, as a continuation of the '833 Patent, also relates to a charger, used in conjunction with a mobile electronic device, that automatically shuts off when a device is fully charged or not plugged in, reducing "vampire" or "phantom" load. This feature reduces power consumption and extends battery life.

**ANSWER TO PARAGRAPH 26:**

Salom admits that the '648 Patent speaks for itself but denies any characterizations inconsistent therewith and denies that the '648 Patent constitutes an invention and, on that basis, denies any remaining allegations in Paragraph 26 of the Complaint.

## DEFENDANT'S PRODUCTS

### Accused Product #1 – Motorola TurboPower 20 USB-C Wall Charger

27.     Defendant makes, uses, offers for sale and sells Motorola TurboPower 20 USB-C Wall Charger (hereinafter referred to as "Motorola Wall Charger"). Examples of the Motorola Wall Charger distributed by Defendant are shown below.

**ANSWER TO PARAGRAPH 27:**

Salom admits that it offers for sale and sells the product Plaintiff identifies as the Salom Motorola TurboPower 20 USB-C Wall Charger. Salom denies any remaining allegations in Paragraph 27 of the Complaint.

28.     Defendant advertises the use of and sell its Motorola Wall Charger which is a *charger* that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power.

**ANSWER TO PARAGRAPH 28:**

Salom denies the allegations in Paragraph 28 of the Complaint.


29.     In particular, the Motorola Wall Charger distributed by Defendant employ a reduced plug-size charger plug, that upon plugging the Motorola Wall Charger into a source of AC power such as a wall outlet, the Motorola Wall Charger does not block or interfere with the use of adjacent outlets.

**ANSWER TO PARAGRAPH 29:**

Salom denies the allegations in Paragraph 29 of the Complaint.


30.     Moreover, the size and shape of the Motorola Wall Charger are such that a power cord for the device to be charged may be easily inserted into and removed from the Motorola Wall Charger while the charger is plugged into the source of AC power and removal of the power cord from the Motorola Wall Charger can be accomplished without removal of the charger from the source of AC power.

**ANSWER TO PARAGRAPH 30:**

Salom denies the allegations in Paragraph 30 of the Complaint.


31.     Attached hereto as **Exhibit 4** is a Claim Chart that illustrates each element of the infringing Motorola Wall Charger as compared to Claim 1 in the '794 Patent.

**ANSWER TO PARAGRAPH 31:**

Salom denies the allegations in Paragraph 31 of the Complaint.

32. Defendant infringed at least one of the claims of the '794 Patent by offering to sell and by selling a charger plug identified as Motorola Wall Charger.

**ANSWER TO PARAGRAPH 32:**

Salom denies the allegations in Paragraph 32 of the Complaint.

33. The Motorola Wall Charger has a longitudinal length less than 2 inches, approximately 1.894 inches, and a width of less than 1.75 inches, approximately 1.581 inches.

**ANSWER TO PARAGRAPH 33:**

Salom denies the allegations in Paragraph 33 of the Complaint.

**Accused Product # 2 – Motorola 15 W TurboPower Wireless Charging Pad**

34. Defendant makes, uses, offers for sale and sells the Motorola 15 W TurboPower Wireless Charging Pad (hereinafter, "Motorola Wireless Charger"). An example of the Motorola Wireless Charger distributed by Defendant is shown below.

**ANSWER TO PARAGRAPH 34:**

Salom admits that it offers for sale and sells the product Plaintiff identifies as the Motorola 15 W TurboPower Wireless Charging Pad. Salom denies any remaining allegations in Paragraph 34 of the Complaint.

35. Defendant advertises and sells its Motorola Wireless Charger which as a Qi-compliant *wireless charger* that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a rechargeable battery.

**ANSWER TO PARAGRAPH 35:**

Salom denies the allegations in Paragraph 35 of the Complaint.

36.     Qi (pronounced "chee") is one of the global wireless charging standards for providing 5-15 watts of power to small personal electronics. Though it is primarily used to charge smartphones, the standard can also apply and easily be used to provide power for a growing number of consumer devices.

**ANSWER TO PARAGRAPH 36:**

Salom denies the allegations in Paragraph 36 of the Complaint.

37.     Qi is an open standard, and Qi-enabled mobile electronic devices are able to connect to Qi-certified (or Qi-compliant) chargers from any manufacturer.

**ANSWER TO PARAGRAPH 37:**

Salom denies the allegations in Paragraph 37 of the Complaint.

38.     Devices that operate using the Qi standard rely on electromagnetic induction between coils. A Qi system consists of two devices – the transmitting device (the charger), which is connected to a power source and provides inductive power, and the mobile device (to be charged), which consumes inductive power. The transmitting device comprises a transmitting coil that generates an oscillating magnetic field; the mobile device contains a power receiving coil. The magnetic field induces an alternating current in the receiving coil of the mobile device, by Faraday's law of induction, thereby charging the battery of the mobile device.

**ANSWER TO PARAGRAPH 38:**

Salom denies the allegations in Paragraph 38 of the Complaint.

39.     In order for a wireless charger to function optimally and efficiently, the wireless charging device must have internal monitoring circuitry to detect when a mobile electronic device requires charging or is fully charged. The internal circuitry further comprises one or more internal switches (mechanical or electrical) that control the flow of current based on the charge- status of the battery of the mobile electronic device. Furthermore, the internal circuitry of the wireless charger requires a novel load sensing portion, which senses the frequency of pulses rather than sensing the magnitude of a voltage and/or current, to determine the load being drawn, and to determine an "off" state for the device.

**ANSWER TO PARAGRAPH 39:**

Salom denies the allegations in Paragraph 39 of the Complaint.

40.     In particular, the Motorola Wireless Charger utilizes the internal monitoring and switch circuitry features, and all elements of the charging device, as claimed by one or more claims, including but not necessarily limited to, Claims 24 and 33 of the '833 Patent and Claims 31, 32 and 39 in the '648 Patent.

**ANSWER TO PARAGRAPH 40:**

Salom denies the allegations in Paragraph 40 of the Complaint.

41.     Attached hereto as **Exhibit 5** is a Claim Chart that illustrates each element of the infringing Motorola Wireless Charger as compared to Claims 24, 33 and in the '833 Patent, and Claims 31, 32 and 39 in the '648 Patent.

**ANSWER TO PARAGRAPH 41:**

Salom denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant infringed at least one of the claims of the '833 and the '648 Patent by offering to sell and by selling a wireless charger identified as Motorola Wireless Charger.

**ANSWER TO PARAGRAPH 42:**

Salom denies the allegations in Paragraph 42 of the Complaint.

**COUNT I**
**[ALLEGED] DIRECT INFRINGEMENT OF U.S. PATENT NO. RE48,794 E**

43.     Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1 through 42, as set forth above.

**ANSWER TO PARAGRAPH 43:**

Salom incorporates by reference each of its responses set forth in Paragraphs 1-42 as if fully set forth herein.

44.     Within the six years preceding the filing of this Complaint, Defendant has directly infringed at least one claim of U.S. Patent No. RE48,794 E by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

**ANSWER TO PARAGRAPH 44:**

Salom admits that this action arises under the Patent Laws of the United States, including under 35 U.S.C. § 271, *et seq.*, but denies it has committed and/or is committing acts of infringement and, on that basis, denies the allegations of Paragraph 44 of the Complaint.

45.     Without limiting the foregoing, Defendant has infringed at least Claim 1 of the '794 Patent as described in the Claim Chart attached hereto as **Exhibit 4**.

**ANSWER TO PARAGRAPH 45:**

Salom denies the allegations in Paragraph 45 of the Complaint.

46.     Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without license, permission, or authorization from Voltstar.

**ANSWER TO PARAGRAPH 46:**

Salom denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products including its Motorola TurboPower 20 USB-C Wall Charger, which incorporates Voltstar's patent.

**ANSWER TO PARAGRAPH 47:**

Salom denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant's infringement of the '794 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

**ANSWER TO PARAGRAPH 48:**

Salom denies the allegations in Paragraph 48 of the Complaint.

<u>**COUNT II**</u>
<u>**[ALLEGED] DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,910,833**</u>

49.     Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1-42, as set forth above.

**ANSWER TO PARAGRAPH 49:**

Salom incorporates by reference each of its responses set forth in Paragraphs 1-48 as if fully set forth herein.

50.     Within the six years preceding the filing of this Complaint, Defendant has directly infringed at least one claim of U.S. Patent No. 7,910,833 by making, using, selling, offering for sale in the United States, and/or importing into the United States its Motorola Wireless Charger, in violation of 35 U.S.C. § 271(a).

**ANSWER TO PARAGRAPH 50:**

Salom admits that this action arises under the Patent Laws of the United States, including under 35 U.S.C. § 271, *et seq.*, but denies it has committed and/or is committing acts of infringement and, on that basis, denies the allegations of Paragraph 50 of the Complaint.

51.     Without limiting the foregoing, Defendant has infringed at least Claim 24, 33 and 36 of the '833 Patent as described in the Claim Chart attached hereto as **Exhibit 5**.

**ANSWER TO PARAGRAPH 51:**

Salom denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant' activities referred to in this Count have been without license, permission, or authorization from Voltstar.

**ANSWER TO PARAGRAPH 52:**

Salom denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant's infringement of the '833 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

**ANSWER TO PARAGRAPH 53:**

Salom denies the allegations in Paragraph 53 of the Complaint.

**COUNT III**
**[ALLEGED] DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,960,648**

54.     Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1-42, as set forth above.

**ANSWER TO PARAGRAPH 54:**

Salom incorporates by reference each of its responses set forth in Paragraphs 1-53 as if fully set forth herein.

55.     Within the six years preceding the filing of this Complaint, Defendant has directly infringed at least one claim of U.S. Patent No. 7,960,648 by making, using, selling, offering for sale in the United States, and/or importing into the United States its Motorola Wireless Charger, in violation of 35 U.S.C. § 271(a).

**ANSWER TO PARAGRAPH 55:**

Salom admits that this action arises under the Patent Laws of the United States, including under 35 U.S.C. § 271, *et seq.*, but denies it has committed and/or is committing acts of infringement and, on that basis, denies the allegations of Paragraph 55 of the Complaint.

56.     Without limiting the foregoing, Defendant has infringed at least Claim 31, 32 and 39 of the '648 Patent as described in the Claim Chart attached hereto as **Exhibit 5**.

**ANSWER TO PARAGRAPH 56:**

Salom denies the allegations in Paragraph 56 of the Complaint.

57.    Defendant' activities referred to in this Count have been without license, permission, or authorization from Voltstar.

**ANSWER TO PARAGRAPH 57:**

Salom denies the allegations in Paragraph 57 of the Complaint.

58.    Defendant' infringement of the '648 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

**ANSWER TO PARAGRAPH 58:**

Salom denies the allegations in Paragraph 58 of the Complaint.

## **[PLAINTIFF'S] PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Voltstar Technologies, Inc. demands judgment and relief against Defendant Salom America Company and respectfully requests that the Court:

A.  An entry of judgment holding that Defendant has infringed and are infringing the patents-in-suit;

B.  For an accounting and an award of damages sufficient to compensate Voltstar for the infringement in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

C.  A determination that Defendant's infringement has been willful, wanton, and deliberate and that the damages against it be increased up to treble on this basis or for any other basis in accordance with the law;

D.  A finding that this case is an exceptional case under 35 U.S.C. § 284 and an award to Voltstar of its costs and reasonable attorneys' fees as provided by 35 U.S.C. § 285;

E.  An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '794 Patent, '833 Patent and '648 Patent; and

F.  That Voltstar is entitled to such other and further relief as to the Court appears just and proper.

**ANSWER TO PRAYER FOR RELIEF:**

Salom denies the Plaintiff is entitled to any relief from Salom and denies all the allegations contained in Paragraphs A-F of Plaintiff's Prayer for Relief.

**[PLAINTIFF'S] JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

**ANSWER TO JURY DEMAND:**

Salom is not required to provide a response to Plaintiff's demand for a jury trial.

## AFFIRMATIVE DEFENSES

Salom's Affirmative Defenses are listed below. Salom reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Salom has not infringed and does not infringe, either literally or under the doctrine of equivalents, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '794, '883, or '648 Patents (the "Asserted Patents").

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Salom's actions allegedly infringe the Asserted Patents, Salom is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Salom indirectly infringes, either by contributory infringement or inducement of infringement, Salom is not liable to Plaintiff for the acts alleged to have been performed before Salom knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any product of, system employed by, or process or method practiced by Salom.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that Salom makes, uses, or sells any product or service embodying each claimed element of any asserted claim, or that Salom directs or controls another entity to make, use, or sell any element that is not made, used, or sold by Salom.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Asserted Patents do not claim patentable subject matter under 35 U.S.C. § 101.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed by Salom includes: (1) "first and second separate blade members secured within the housing so as to have prong portions of the blade members positioned in order to extend in a first direction from a front wall of the housing the prong portions adapted to be received in the receptacle openings of the power source"; (2) the charger plug including a DC connector having an aperture adapted to removably receive a corresponding power cord plug end for transmitting DC power to the rechargeable electronic device"; (3) "the charger plug housing forming a) a charger plug face area defined by the front wall b) an outer profile defined by a perimeter of the front wall and defined by a plug body extending rearward from the front wall and c) a rear end opposite the front wall"; and (4) "the charger plug configured to be capable of plugging into a standard wall outlet and further: i) being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is less than 2.0 inches, a width of the housing outer profile being less than 1.75 inches, and ii) the outer profile having no

interference with an adjacent receptacle of the power source located on all sides of the first receptacle when a like charger plug is mounted in all available orientations in any of the other receptacles, so that when space is limited by an obstacle adjacent or in front of the power source the charger plug is capable of being conveniently mounted to one of the receptacles, the power cord plug end may be conveniently received by the DC connector, and the power cord plug end can be conveniently removed from the DC connector while leaving the charger plug connected to the receptacle" as required by Claim 1 of the '794 Patent.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed by Salom includes: (1) "A power device for supplying power to an electronic device, the power device comprising:"; (2) a first portion for receiving electrical input power from a source, the input having an input voltage;" (3) "a second portion for delivering electrical output power to the electronic device, the output power having an output voltage;" (4) "power circuitry for converting the input power voltage to the output power voltage and for determining an "off" state of the power device;" (5) "switching circuitry operable to electrically activate the power circuitry to the "on" state; and" (6) "a load sensing portion operable to sense one or more pulses and determine the power or load being drawn from the power device by the electronic device based thereon" as required by Claim 24 of the '833 Patent.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed by Salom includes: (1) "In combination with an electrical device, a cable assembly for connecting and disconnecting electrical power to the electrical device, the system comprising:" (2) "an input portion for connection with a power source for receiving input electrical power;" (3) "a converter portion including converter circuitry for converting electrical power; and" (4) "switch circuitry for controlling an on and an off state for the system, wherein the switch circuitry automatically

disconnects the input electrical power to switch the system to the off state in response to a reduced power state of the electrical device," (5) "wherein the cable assembly consumes substantially no power while in the off state" and further comprising (6) "pulse monitoring circuitry operable to monitor pulses and drive the switch circuitry based thereon" as required by Claim 31 of the '648 Patent.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and/or 287.

### THIRTEENTH AFFIRMATIVE DEFENSE

Should Salom be found to infringe any valid, enforceable claim of the Asserted Patents, Plaintiff is precluded from recovering increased damages under 35 U.S.C. § 284 and such alleged infringement was not willful.

### FOURTEENTH AFFIRMATIVE DEFENSE

Salom is not liable to Plaintiff due to Plaintiff's failure to name all necessary parties.

### FIFTEENTH AFFIRMATIVE DEFENSE

Absolute and equitable intervening rights, including under 35 U.S.C. § 252, bar Plaintiff's claims for relief in whole or in part.

## SALOM'S COUNTERCLAIMS

For its counterclaims against Plaintiff Voltstar Technologies, Inc. ("Voltstar"), Counterclaim Plaintiff Salom America Company ("Salom") alleges as follows:

## PARTIES

1.     Counterclaim Plaintiff Salom is an Illinois corporation with its principal place of business at 910 S. Grove Avenue, Oak Park, Illinois 60304.

2.     Upon information and belief based solely on Paragraph 5 of the Complaint as pled by Plaintiff, Counterclaim Defendant Voltstar is an Illinois Corporation with principal place of business located at P.O. Box 3727, Barrington, Illinois, 60011.

## JURISDICTION

3.     Salom incorporates by reference Paragraphs 1-2 above.

4.     These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.     Voltstar has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.     Based solely on Voltstar's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT

7.     Salom incorporates by reference Paragraphs 1–6 above.

8.     Based on Voltstar's filing of this action and at least Salom's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Salom infringes U.S. Patent Nos. RE 48,794 E (the "'794 Patent"), 7,910,833 (the "'833 Patent"), and 7,960,648 (the "'648 Patent") (collectively the "Asserted Patents").

9.     Salom does not infringe Claim 1 of the '794 Patent because, among other things, the accused products do not include: (1) "first and second separate blade members secured within

the housing so as to have prong portions of the blade members positioned in order to extend in a first direction from a front wall of the housing the prong portions adapted to be received in the receptacle openings of the power source"; (2) the charger plug including a DC connector having an aperture adapted to removably receive a corresponding power cord plug end for transmitting DC power to the rechargeable electronic device"; (3) "the charger plug housing forming a) a charger plug face area defined by the front wall b) an outer profile defined by a perimeter of the front wall and defined by a plug body extending rearward from the front wall and c) a rear end opposite the front wall"; and (4) "the charger plug configured to be capable of plugging into a standard wall outlet and further: i) being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is less than 2.0 inches, a width of the housing outer profile being less than 1.75 inches, and ii) the outer profile having no interference with an adjacent receptacle of the power source located on all sides of the first receptacle when a like charger plug is mounted in all available orientations in any of the other receptacles, so that when space is limited by an obstacle adjacent or in front of the power source the charger plug is capable of being conveniently mounted to one of the receptacles, the power cord plug end may be conveniently received by the DC connector, and the power cord plug end can be conveniently removed from the DC connector while leaving the charger plug connected to the receptacle" as required by Claim 1 of the '794 Patent.

10.     Salom does not infringe Claim 24 of the '833 Patent because, among other things, the accused products do not include: (1) "A power device for supplying power to an electronic device, the power device comprising:"; (2) a first portion for receiving electrical input power from a source, the input having an input voltage;" (3) "a second portion for delivering electrical output power to the electronic device, the output power having an output voltage;" (4) "power circuitry for converting the input power voltage to the output power voltage and for determining an "off" state of the power device;" (5) "switching circuitry operable to electrically activate the power circuitry to the "on" state; and" (6) "a load sensing portion operable to sense one or more pulses

and determine the power or load being drawn from the power device by the electronic device based thereon" as required by Claim 24 of the '833 Patent.

11.     Salom does not infringe Claim 31 of the '648 Patent because, among other things, the accused products do not include: (1) "In combination with an electrical device, a cable assembly for connecting and disconnecting electrical power to the electrical device, the system comprising:" (2) "an input portion for connection with a power source for receiving input electrical power;" (3) "a converter portion including converter circuitry for converting electrical power; and" (4) "switch circuitry for controlling an on and an off state for the system, wherein the switch circuitry automatically disconnects the input electrical power to switch the system to the off state in response to a reduced power state of the electrical device," (5) "wherein the cable assembly consumes substantially no power while in the off state"  and further comprising (6) "pulse monitoring circuitry operable to monitor pulses and drive the switch circuitry based thereon" as required by Claim 31 of the '648 Patent.

12.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, et seq., Salom requests a declaration by the Court that Salom has not infringed and does not infringe any claim of the Asserted Patents under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

<u>COUNT II</u>

<u>DECLARATION REGARDING INVALIDITY</u>

13.     Salom incorporates by reference Paragraphs 1-12 above.

14.     Based on Voltstar's filing of this action and at least Salom's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patents.

15.     The asserted claims of the Asserted Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 5,243,510; 5,580,268; 5,681,188; 5,744,934; UD482,654; 6,644,984; 7,573,240; 8,892,035; and/or European Patent No. 1746702.

16.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., Salom requests a declaration by the Court claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## **PRAYER FOR RELIEF**

WHERFORE, Salom asks this Court to enter judgment in Salom's favor and against Voltstar by granting the following relief:

a)      a declaration that the Asserted Patents are invalid;

b)      a declaration that Salom does not infringe, under any theory, any valid claim of the Asserted Patents that may be enforceable;

c)      a declaration that the Asserted Patents are unenforceable;

d)      a declaration that Voltstar takes nothing by its Complaint;

e)      judgment against Voltstar and in favor of Salom;

f)      dismissal of the Complaint with prejudice;

g)      a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Salom of its costs and attorneys' fees incurred in this action; and

h)      further relief as the Court may deem just and proper.

## **JURY DEMAND**

Salom hereby demands trial by jury on all issues.

Dated: May 16, 2024                     Respectfully submitted,

*/s/ Louis E. Fogel*
**FISH & RICHARDSON P.C.**
Louis E. Fogel (No. 6281404)
fogel@fr.com
Shaun M. Van Horn (No. 6297822)
vanhorn@fr.com
Fish & Richardson P.C.
444 West Lake Street, Suite 1700
Chicago, IL 60606
Telephone: (612) 335-5070

Neil J. McNabnay
mcnabnay@fr.com
Lance E. Wyatt *(pro hac vice pending)*
wyatt@fr.com
Rodeen Talebi *(pro hac vice pending)*
talebi@fr.com
Alexander H. Martin *(pro hac vice pending)*
martin@fr.com
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070

*Attorneys for Defendant Salom America*
*Company*